[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motion to Set Aside Verdict
Before the Court is the plaintiff's motion to set aside the verdict because of defense counsel's mischaracterization of evidence.
This is a statutory action by the plaintiff motorist Maureen Paquette against the State Highway Commissioner, Emil Frankel. Her complaint alleged she struck another vehicle driven by Andrew Lakatos at an intersection because of a defective traffic light on a state highway. The case was withdrawn as to the named defendant, Andrew Lakatos, at an earlier time before trial. The CT Page 2574 State of Connecticut enjoys sovereign immunity but it has been waived by General Statutes § 13a-144. Nonetheless, in order to recover damages from the state the plaintiff: 1) must be a motorist or other traveler on the highway; 2) filed with the Commissioner within 90 days a statutory written notice describing the injury, cause, time and place of it; and prove: 3) the existence of a highway defect as specified in the complaint; 4) actual or constructive notice of the defect, 5) failure of the commissioner to remedy the defect in a reasonable time after such notice; and 6) that the defect was the sole proximate cause of the plaintiff's injuries and that no negligence of the plaintiff herself or any other driver caused the collision.
Evidence before the jury was sufficient to make out a prima facie case, so when the plaintiff rested the defendant's motion for a directed verdict was denied. After the defense rested the jury was permitted to pass upon the factual issues. Upon due deliberation, the jury panel rendered a defendant's general verdict. In ruling on a motion to set such a verdict aside, the court must look at the evidence and determine whether from it the jury might have reasonably and fairly reached its conclusion. A verdict cannot be permitted to stand if there is any substantial likelihood that it was influenced by prejudice, corruption or partiality or misconduct of counsel but should not be set aside except for very substantial reasons.
The plaintiff has moved to set aside the verdict on grounds that counsel for the defendant in final argument misstated the evidence in the case by stating that the witness, Andrew Lakatos, testified that he saw two lights and one appeared to be green and the other was red. However there was evidence from Mr. Lakatos that he saw a green traffic light and also said the red one was "blowing around" permitting an inference that he saw the red one as well. He also identified a picture showing both lights visible as a fair and accurate depiction of what could be seen on the evening the cars collided. The court will not set the verdict aside. The plaintiff argues that Mr. Lakatos never testified that he saw two lights nor did he testify that one appeared to be red. The court notes that no objection was made by the plaintiff to the Court during or after defense counsel's final argument. No corrective instruction was requested, nor can the court recall plaintiff's counsel addressing this in his final rebuttal. No motion for mistrial was made.
In final argument, defendant's counsel stated: CT Page 2575
 "Mr. Lakatos went through [the intersection] earlier that evening on his way to his nephews for dinner. He didn't have any problem getting through there but on the way back Mr. Lakatos had a problem and he acknowledged there was two lights and you heard he might have been as Mr. Eckenrode somewhat confused but I wrote in my notes if you'll recall it. He said the green light was a little bit brighter and the red one was a little twisted. He knew. He saw there was two lights and he just, for whatever reason, proceeded through the intersection on the red light and that's why Mrs. Paquette sued him. She sued him because he was negligent. He failed to stop at the red light. He grant her the right of way at the intersection and Mr. Eckenrode talks about look-out and brush."
In reviewing testimony of Mr. Lakatos' the following is pertinent. He was asked:
 "Q Now when you approach the intersection, did you observe what the traffic light was?
A It was green, yea.
 Q It was green. And you proceeded through this to the intersection?
 A Yea, this light here was green and the other one is way off this way. That was the red one, see, on that side but you can't see it because the green is much brighter so you go on through.
Q Okay so you went —
 A And the what do you call its are blowing around. The red one, yea that one over there is blowing around.
Q So you observed that you had a green light. Is that correct?
A Yea.
 Q And can you tell us what happened when you got in the intersection?
A Well I got hit." CT Page 2576
In addition, there was further evidence on cross examination to permit the jury to make the inference and finding that the two photos in evidence fairly and accurately depicted the traffic signals in the intersection as they were on the night of the accident and to further infer what a reasonable driver might see, and to infer Mr. Lakatos could see both red and green. The position of the lights was important in this case because the plaintiff's claim was a highway defect that consisted of overhead traffic lights that were claimed to be skewed or twisted by wind so that drivers going through the intersection from two different directions might each believe that the light governing them was green. Whether or not Mr. Lakatos caused the accident also was an issue and bore on the plaintiff's burden of proof to show not only that the lights were defective but that the defective lights were the sole proximate cause of the plaintiff's injuries.
In final argument, defense counsel stated that Mr. Lakatos had no problem driving through the intersection earlier but later had problems and he acknowledged the two lights. While differing views of the evidence could be taken, the Court finds no misrepresentation in that remark. Defense Counsel went on to say that Mr. Lakatos said "The green light was a little bit brighter." Mr. Lakatos did say that. In referring to pictures, Mr. Lakatos stated "That was the red one, see, on that side", after indicating that you couldn't see it because of brightness of the green and then went on to say that the red one was blowing around. The defense counsel used the phrase in summation that the lights were "a little twisted" something that Lakatos did not state. However, the court does not find this paraphrasing any kind of egregious or prejudicial statement given the testimony and evidence in the case. Some latitude must be allowed in final argument. As the summation continued, defense counsel then said "He saw there were two lights and he just, for whatever reason, proceeded through the intersection on the red light and that's why Miss Paquette sued him." Miss Paquette had admitted in her testimony that she sued Mr. Lakatos and in her writ claimed he was negligent in going through a red light. The Court finds no misrepresentation not only because of the Lakatos testimony already mentioned but also because defense counsel was entitled to argue an inference which might be drawn from plaintiff's prior withdrawn complaint against Mr. Lakatos in which as one of the only two eyewitnesses to the event she had accused Mr. Lakatos of causing the collision by going through a red light. CT Page 2577
While in theory the legislature provides a remedy to the public for statutory highway defects which cause injury to travelers it has raised many impediments in the enabling statute itself by requiring proof far beyond the regular negligence case and thus making recovery more difficult. Appellate case law has similarly raised and set out further barriers. The Court finds no reason to set aside the verdict. The jury could have reasonably found that some of these barriers were not overcome. First the jury could have found that the Commissioner did not have sufficient notice to be charged with constructive notice, given the heavy use of the highway and the fact that Mr. Lakatos had no trouble driving through the intersection a short time before the accident.
Furthermore, as to a second necessary element of proof, the evidence from Mr. Lakatos that he had gone through the intersection without a problem only a short time before the Paquette collision and did not report any difficulty, would permit the jury to conclude that even if the lights were twisted there was insufficient reasonable time to permit the Commissioner to have remedied the defect.
Finally, the jury could have also found Mr. Lakatos or the plaintiff was in some way negligent in the speed of travel each adopted by the inference to be drawn from the heavy damage to the vehicles shown in pictures introduced into evidence.
The case was well tried both for the defendant and the plaintiff. The plaintiff was permitted to offer all relevant evidence in support of her case, sometimes over the objection of the defendant. The Court will not summarize all of her evidence because its duty here is to determine if there were enough evidence before the jury from which it could fairly conclude as it did that a verdict should be rendered for the defendant. The court concludes there was.
Under all the circumstances, the Motion to Set Aside the Verdict is denied. The Court finds no injustice was done here. The remarks of the defendant's counsel fell within the realm of fair comment on the evidence and the different inferences to be drawn from it. The court detected no pattern of improper remarks. Motion denied. CT Page 2578